FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

'09 NOV -4  AM 11: 17

------------------------------------------------------------X

PAULETTE HINES and GLENTON HINES,                Docket No.:

Plaintiffs,

-against-

**NOTICE OF REMOVAL**

AMERICAN AIRLINES, INC., WORLDWIDE
FLIGHT SERVICES, INC., individually and doing
business as AMR SERVICES, AMR SERVICES
and AMR CORP.

BLOOM, M.J.

Defendants.

------------------------------------------------------------X

**S I R S:**

  **PLEASE TAKE NOTICE** that defendants,  AMERICAN AIRLINES, INC. and AMR

CORP., by and through its attorneys, **RUTHERFORD & CHRISTIE, LLP**, hereby remove this

action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C.

§§ 1441, 1331 and 1332.


  1.   This action was commenced against the defendants in the Supreme Court of the State

of New York, County of Queens, by the filing of a Summons and Verified Complaint with the Clerk

of the Court on or about October 20, 2009.

2.     Upon information and belief and pursuant to the averments in the Summons and Verified Complaint, plaintiffs are permanent residents of the County of Queens and, therefore, are domiciled in and citizens of, the State of New York.

3.     At the time of service of the Summons and Verified Complaint, defendants, AMERICAN AIRLINES, INC., WORLDWIDE FLIGHT SERVICES, INC., AMR SERVICES CORP. and AMR CORP., were and are incorporated under the laws of the State of Delaware, with its principal place of business in Texas and therefore are citizens of the State of Delaware and of the State of Texas.

4.     Therefore, the action is between citizens of different states as defined by 28 U.S.C. § 1332(a)(1).

5.     The Complaint seeks damages for personal injury due to the alleged negligence of AMERICAN AIRLINES, INC. and AMR CORP. in excess of the jurisdictional limitations of all lower Courts in the State of New York which would otherwise have jurisdiction and upon information and belief, the matter in dispute exceeds the sum of seventy-five thousand dollars exclusive of interest and costs.

6.     This cause of action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332, in that the amount in controversy upon information and belief, exceeds $75,000 exclusive of interest and costs, and that it is between citizens of different states. By virtue of 28 U.S.C. §1441(a), this cause of action is removable to this Court.

7.  The plaintiffs' claim is also governed by the Montreal Convention.  The plaintiffs were engaged in "international transportation as defined by the Montreal Convention[1].

8.  As a treaty of the United States, the Montreal Convention is the Supreme Law of the land. U.S. Const. Art. VI, cl. 2; <u>Chan v. Korean Air Lines, Ltd.</u>, 490 U.S. 122, 123 (1989).

9.  The plaintiffs' transportation was "international" because they departed from the United States and traveled to Montego Bay, Jamaica on a round trip ticket.

10.  The plaintiffs' claims, therefore, also raises a federal question under 28 U.S.C. §1331.

11.  The defendants, AMERICAN AIRLINES, INC. and AMR CORP. were purportedly served with a copy of the Summons and Complaint setting forth the claims upon which this action is based on or about October 27, 2009.

12.  That co-defendants, WORLDWIDE FLIGHT SERVICES, INC. and AMR SERVICES CORP. consent to the removal of this action to the United States District Court for the Eastern

---

[1]

Article 1(1) of the Montreal Convention provides that it applies "to all international transportation of persons, baggage or goods performed by aircraft for hire." 49 U.S.C. app. §1502 note. "International transportation" within the meaning of the Convention is defined in Article 1(2) as:

any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to this convention.

District of New York, pursuant to 28 U.S.C. § 1441 and § 1331.

13. In accordance with 28 U.S.C. §1446(b), this Notice of Removal is filed within thirty days after receipt by the defendants, AMERICAN AIRLINES, INC. and AMR CORP. of a copy of the initial pleading.

14. Based upon the facts set forth above, this Notice of Removal is timely under 28 U.S.C. §1446(b).

15. Pursuant to 28 U.S.C. §1446(a), copies of the Summons and Complaint, which constitute all process, pleadings or orders served or filed by the parties in the Supreme Court of the State of New York, County of Queens, are attached hereto and made a part of this Notice by reference.

16. The defendants, AMERICAN AIRLINES, INC. and AMR CORP., will pay all costs and disbursements by reason of this removal proceeding should it be determined that this case is not removable or is improperly removed.

17. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE,** and without waiver of any substantial or procedural defenses, defendants, AMERICAN AIRLINES, INC. and AMR CORP., request that this Court assume jurisdiction over this action and make such further orders as herein as may be required to properly determine its controversy.

Dated: New York, New York
       November 4, 2009
                               Yours, etc.,

                      **RUTHERFORD & CHRISTIE, LLP**

                      By:_____
                          David S. Rutherford (DSR 8564)
                          Attorneys for Defendants
                          AMERICAN AIRLINES, INC.
                          and AMR CORP.
                          369 Lexington Avenue, 8th Floor
                          New York, New York 10017
                          (212) 599-5799

TO:    Parker Waichman Alonso LLP
       Attorneys for Plaintiffs
       111 Great Neck Road
       Great Neck, New York 11021
       (516) 466-6500
       File No.: 625420

       Wilson Elser Moskowitz Edelman & Dicker
       Attn: Gary Gardner
       Attorneys for Co-Defendants
       Worldwide Flight Services, Inc. and AMR Services Corp.
       150 East 42nd Street
       New York, New York 10017
       (212) 490-3000

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of DEFENDANTS' NOTICE OF REMOVAL, TO THE CLERK OF THE SUPREME COURT, COUNTY OF QUEENS, NOTICE OF REMOVAL and NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL were served via regular mail to Parker Waichman Alonso LLP, Attorneys for Plaintiffs, 111 Great Neck Road, Great Neck, New York 11021 and Wilson Elser Moskowitz Edelman & Dicker, Attn: Gary Gardner, Attorneys for Co-Defendants, Worldwide Flight Services, Inc. and AMR Services Corp., 150 East 42nd Street, New York, New York 10017, on this 4th day of November, 2009.

**RUTHERFORD & CHRISTIE, LLP**

By: _____

David S. Rutherford

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAULETTE HINES and GLENTON HINES,                       Docket No.

                      Plaintiff,                  **NOTICE TO ADVERSE**
                                         **PARTY OF FILING OF**
       -against-                       **NOTICE OF REMOVAL**

AMERICAN AIRLINES, INC., WORLDWIDE
FLIGHT SERVICES, INC., individually and doing
business as AMR SERVICES, AMR SERVICES
and AMR CORP.

                      Defendants.
------------------------------------------------------------X

**S I R S:**

     **PLEASE TAKE NOTICE,** that on November 4, 2009, defendants, AMERICAN

AIRLINES, INC. and AMR CORP., duly filed the Notice of Removal in this action, removing this

matter in its entirety to the United States District Court for the Eastern District of New York.

     A copy of the Notice of Removal with copies of all process, pleadings and orders served

on the defendants, American Airlines, Inc. and AMR Corp. and/or filed in the Supreme Court of

the State of New York, County of Queens are annexed hereto.

Dated:  New York, New York
         November 4, 2009                    Yours, etc.,


                             **RUTHERFORD & CHRISTIE, LLP**

                              By:
                              David S. Rutherford (DSR 8564)
                              Attorneys for Defendants
                              AMERICAN AIRLINES, INC.
                              and AMR CORP.
                              369 Lexington Avenue, 8th Floor
                              New York, New York 10017
                              (212) 599-5799

TO:    Parker Waichman Alonso LLP
        Attorneys for Plaintiffs
        111 Great Neck Road
        Great Neck, New York 11021
        (516) 466-6500
        File No.: 625420

        Wilson Elser Moskowitz Edelman & Dicker
        Attn: Gary Gardner
        Attorneys for Co-Defendants
        Worldwide Flight Services, Inc. and AMR Services Corp.
        150 East 42nd Street
        New York, New York 10017
        (212) 490-3000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------X
PAULETTE HINES and GLENTON HINES,

                           Plaintiffs,

         -against-

AMERICAN AIRLINES, INC., WORLDWIDE
FLIGHT SERVICES, INC., individually and doing
business as AMR SERVICES, AMR SERVICES
and AMR CORP.,

                      Defendants.
--------------------------------------------------------------------X

Index No.: 28163/2009

**NOTICE OF REMOVAL TO CLERK OF THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS**

TO:   CLERK OF THE SUPREME COURT OF THE STATE OF NEW YORK,
       COUNTY OF QUEENS
       88-11 Sutphin Boulevard
       Jamaica, New York 11435

**S I R S:**

    **PLEASE TAKE NOTICE** that on November 4, 2009, the defendants, AMERICAN

AIRLINES, INC. and AMR, CORP., duly filed a Notice of Removal, a copy of which is annexed

hereto, removing this action in its entirety to the United States District Court for the Eastern District

of New York.

Dated: New York, New York
       November 4, 2009

                        Yours, etc.,

                    **RUTHERFORD & CHRISTIE, LLP**

                    By:                                
                        David S. Rutherford
                        Attorneys for Defendants
                        AMERICAN AIRLINES, INC.
                        and AMR, CORP.,
                        369 Lexington Avenue, 8th Floor
                        New York, New York 10017
                        (212) 599-5799

TO:    Parker Waichman Alonso LLP
        Attorneys for Plaintiffs
        111 Great Neck Road
        Great Neck, New York 11021
        (516) 466-6500
        File No.: 625420

        Wilson Elser Moskowitz Edelman & Dicker
        Attn: Gary Gardner
        Attorneys for Co-Defendants
        Worldwide Flight Services, Inc. and AMR Services Corp.
        150 East 42nd Street
        New York, New York 10017
        (212) 490-3000

## AFFIDAVIT OF SERVICE VIA MAIL

STATE OF NEW YORK    )

                          ss.:

COUNTY OF NEW YORK  )

        **MALTA GONZALEZ**, being duly sworn, deposes and says:

Deponent is not a party to the within action, is over 18 years of age and resides in the County of New York, State of New York.

That on November 4, 2009, deponent served the within **DEFENDANTS' NOTICE OF REMOVAL, TO THE CLERK OF THE SUPREME COURT, QUEENS COUNTY, NOTICE OF REMOVAL and NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL** upon:

      Parker Waichman Alonso LLP
      Attorneys for Plaintiffs
      111 Great Neck Road
      Great Neck, New York 11021
      (516) 466-6500
      File No.: 625420

      Wilson Elser Moskowitz Edelman & Dicker
      Attn: Gary Gardner
      Attorneys for Co-Defendants
      Worldwide Flight Services, Inc. and AMR Services Corp.
      150 East 42nd Street
      New York, New York 10017
      (212) 490-3000

        in this action, at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Office within the State of New York.

                                **MALTA GONZALEZ**

Sworn to before me on this 4TH day

of November, 2009

**NOTARY PUBLIC**

                  MICHAEL C. BECKER
             Notary Public, State Of New York
                 No. 01BE6060535
            Qualified in Westchester County
         Commission Expires June 25, 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------X

PAULETTE HINES and GLENTON HINES,

Plaintiff,

-against-

AMERICAN AIRLINES, INC., WORLDWIDE FLIGHT
SERVICES, INC., individually and doing business as
AMR SERVICES, AMR SERVICES and AMR CORP.,

Defendants.

------------------------------------------------------------X

# SUMMONS

Plaintiff(s) designate Queens
County as the place of trial.

The basis of the venue is
Plaintiff's residence

Plaintiff(s) reside at
217-01 138th Avenue
Springfield Gardens, NY 11413

Index No.:   28163/09
Date Summons &
Complaint Filed:   10/20/09

## To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of
your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the
plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of
service, where service is made by delivery upon you personally within the state, or within 30 days after
completion of service where service is made in any other manner. In case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   Great Neck, New York
         October 6, 2009

By: _____
Fred R. Rosenthal
**Parker Waichman Alonso LLP**
*Office & Post Office Address:*
111 Great Neck Road
Great Neck, NY 11021
(516) 466-6500
Our File # 625420

TO:   American Airlines, Inc.
      4333 Amon Carter Blvd MD 5621
      Fort Worth, TX 76155

      Worldwide Flight Services, Inc.
      C/O CT Corporation System
      111 8th Avenue
      New York, NY 10011

Worldwide Flight Services, Inc. d/b/a
AMR Services
C/O CT Corporation System
111 8th Avenue
New York, NY 10011

AMR Services
Cargo Building 78
Rockaway and Farmers Blvd.
Jamaica, NY 11430

AMR, Corp.
4333 Amon Carter Blvd MD 5621
Fort Worth, TX 76155

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
PAULETTE HINES and GLENTON HINES,

                   Plaintiffs,

     -against-

AMERICAN AIRLINES, INC., INC., WORLDWIDE
FLIGHT SERVICES, INC., individually and doing
business as AMR SERVICES, AMR SERVICES and
AMR, CORP.,

                  Defendants.
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

       Plaintiffs by their attorneys, **Parker Waichman Alonso LLP**, as and for a cause of action alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PAULETTE HINES

       1)     At the time of the commencement of this action plaintiffs were and still are residents of the County of Queens and State of New York.

       2)     The cause of action herein alleged arose in the State of New York, County of Queens and State of New York.

       3)     That this action falls within one or more of the exemptions set forth in CPLR §1602, §1602(1), §1602(2), §1602(3), §1602(4), §1603(5), §1603(6), §1603(7), §1603(8), §1603(9), §1603(10), §1603(11) and §1602(12) of the State of New York.

       4)     That on November 1, 2006 and at all times hereinafter mentioned the defendant, American Airlines, Inc., was and still is a domestic corporation organized and existing under by virtue of the Laws of the State of New York.

       5)     That on November 1, 2006 and at all times hereinafter mentioned, and upon information and belief, the defendant, American Airlines, Inc., was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

6)     That on November 1, 2006 and at all times hereinafter mentioned the defendant, Worldwide Flight Services, Inc., was and still is a domestic corporation organized and existing under by virtue of the Laws of the State of New York.

7)     That on November 1, 2006 and at all times hereinafter mentioned, and upon information and belief, the defendant, Worldwide Flight Services, Inc., was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

8)     That on November 1, 2006 and at all times hereinafter mentioned the defendant, Worldwide Flight Services, Inc., individually and doing business as AMR Services, was and still is a domestic corporation organized and existing under by virtue of the Laws of the State of New York.

9)     That on November 1, 2006 and at all times hereinafter mentioned, and upon information and belief, the defendant, Worldwide Flight Services, Inc., individually and doing business as AMR Services, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

10)     That on November 1, 2006 and at all times hereinafter mentioned the defendant, AMR Services, was and still is a domestic corporation organized and existing under by virtue of the Laws of the State of New York.

11)     That on November 1, 2006 and at all times hereinafter mentioned, and upon information and belief, the defendant, AMR Services, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

12)     That on November 1, 2006 and at all times hereinafter mentioned the defendant, AMR Corp., was and still is a domestic corporation organized and existing under by virtue of the Laws of the State of New York.

13)     That on November 1, 2006 and at all times hereinafter mentioned, and upon information and belief, the defendant, AMR Corp., was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

2

14)   On November 1, 2006 and at all times herein mentioned, defendant, American Airlines, Inc., owned an airplane.

15)   On November 1, 2006 and at all times herein mentioned, defendant, American Airlines, Inc., owned an airplane identified as American Airlines flight number 881.

16)   On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc., owned an airplane identified as American Airlines flight number 881.

17)   On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc. doing business as ARM Services, owned an airplane identified as American Airlines flight number 881.

18)   On November 1, 2006 and at all times herein mentioned, defendant, ARM Services, owned an airplane identified as American Airlines flight number 881.

19)   On November 1, 2006 and at all times herein mentioned, defendant, ARM Corp., owned an airplane identified as American Airlines flight number 881.

20)   On November 1, 2006 and at all times herein mentioned, defendant, American Airlines, Inc., operated the aforesaid airplane.

21)   On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc., operated the aforesaid airplane.

22)   On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc. doing business as ARM Services, operated the aforesaid airplane.

23)   On November 1, 2006 and at all times herein mentioned, defendant, ARM Services, operated the aforesaid airplane.

24)   On November 1, 2006 and at all times herein mentioned, defendant ARM Corp., operated the aforesaid airplane.

25)   On November 1, 2006 and at all times herein mentioned, defendant, American Airlines, Inc., maintained the aforesaid airplane.

3

26)     On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc., maintained the aforesaid airplane.

27)     On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc. doing business as ARM Services, maintained the aforesaid airplane.

28)     On November 1, 2006 and at all times herein mentioned, defendant, ARM Services, maintained the aforesaid airplane.

29)     On November 1, 2006 and at all times herein mentioned, defendant ARM Corp., maintained the aforesaid airplane.

30)     On November 1, 2006 and at all times herein mentioned, defendant, American Airlines, Inc., managed the aforesaid airplane.

31)     On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc., managed the aforesaid airplane.

32)     On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc. doing business as ARM Services, managed the aforesaid airplane.

33)     On November 1, 2006 and at all times herein mentioned, defendant, ARM Services, managed the aforesaid airplane.

34)     On November 1, 2006 and at all times herein mentioned, defendant ARM Corp., managed the aforesaid airplane.

35)     On November 1, 2006 and at all times herein mentioned, defendant, American Airlines, Inc., controlled the aforesaid airplane.

36)     On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc., controlled the aforesaid airplane.

37)     On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc. doing business as ARM Services, controlled the aforesaid airplane.

4

38)     On November 1, 2006 and at all times herein mentioned, defendant, ARM Services, controlled the aforesaid airplane.

39)     On November 1, 2006 and at all times herein mentioned, defendant ARM Corp., controlled the aforesaid airplane.

40)     On November 1, 2006 and at all times herein mentioned, defendant, American Airlines, Inc., repaired the aforesaid airplane.

41)     On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc., repaired the aforesaid airplane.

42)     On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc. doing business as ARM Services, repaired the aforesaid airplane.

43)     On November 1, 2006 and at all times herein mentioned, defendant, ARM Services, repaired the aforesaid airplane.

44)     On November 1, 2006 and at all times herein mentioned, defendant ARM Corp., repaired the aforesaid airplane.

45)     On November 1, 2006 and at all times herein mentioned, defendant, American Airlines, Inc., inspected the aforesaid airplane.

46)     On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc., inspected the aforesaid airplane.

47)     On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc. doing business as ARM Services, inspected the aforesaid airplane.

48)     On November 1, 2006 and at all times herein mentioned, defendant, ARM Services, inspected the aforesaid airplane.

49)     On November 1, 2006 and at all times herein mentioned, defendant ARM Corp., inspected the aforesaid airplane.

50)     On November 1, 2006 and at all times herein mentioned, defendant, American Airlines, Inc., supervised the aforesaid airplane.

5

51)   On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc., supervised the aforesaid airplane.

52)   On November 1, 2006 and at all times herein mentioned, defendant, Worldwide Flight Services, Inc. doing business as ARM Services, supervised the aforesaid airplane.

53)   On November 1, 2006 and at all times herein mentioned, defendant, ARM Services, supervised the aforesaid airplane.

54)   On November 1, 2006 and at all times herein mentioned, defendant ARM Corp., supervised the aforesaid airplane.

55)   That on November 1, 2006 and at all times herein mentioned, it was the duty of defendant, American Airlines, Inc., to maintain the aforesaid airplane in a reasonably safe condition.

56)   That on November 1, 2006 and at all times herein mentioned, it was the duty of defendant, Worldwide Flight Services, Inc., to maintain the aforesaid airplane in a reasonably safe condition.

57)   That on November 1, 2006 and at all times herein mentioned, it was the duty of defendant, Worldwide Flight Services, Inc., doing business as AMR Services, to maintain the aforesaid airplane in a reasonably safe condition.

58)   That on November 1, 2006 and at all times herein mentioned, it was the duty of defendant, AMR Services, to maintain the aforesaid airplane in a reasonably safe condition.

59)   That on November 1, 2006 and at all times herein mentioned, it was the duty of defendant, AMR Corp., to maintain the aforesaid airplane in a reasonably safe condition.

60)   That on November 1, 2006 an employee of the defendants was performing work, labor and services on the aforementioned airplane.

61)   That on November 1, 2006 an employee of the defendants was performing work, labor and services on the aforementioned airplane, which entailed the repair of a seat on said airplane.

6

62) That on November 1, 2006, a dangerous and defective condition existed on the afore-mentioned airplane.

63) That on November 1, 2006, while plaintiff was a lawful passenger on the aforesaid airplane, plaintiff was caused to sustain severe and permanent injuries due to the dangerous and defective condition.

64) The above mentioned occurrence and the results thereof were caused by the negligence of the defendants and/or said defendants' servants, agents, employees and/or licensees in the ownership, operation, management, maintenance and control of the aforesaid airplane.

65) That upon information and belief, defendants had actual notice of this defective condition.

66) That upon information and belief, defendant had constructive notice of this defective condition.

67) That defendants, by the aforesaid employee repairing the seat caused and created the aforesaid defective condition.

68) That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

69) That because of the above stated, plaintiff Paulette Hines was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

70) That because of the above stated premise plaintiff Paulette Hines was damaged in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

7

## AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF GLENTON HINES

71) That at all times hereinafter mentioned, plaintiff, **Glenton Hines**, repeats, reiterates and realleges each and every paragraph of the within Complaint with the same force and effect as if set forth herein at length.

72)    That at all times hereinafter mentioned, plaintiff **Paulette Hines**, was the lawful spouse of the plaintiff **Glenton Hines**, and as such said plaintiff **Glenton Hines**, was entitled to the society, services and consortium of the said plaintiff **Paulette Hines** .

73)  By reason of the negligence afore-described of the defendants as aforesaid, their agents, servants and/or employees as aforesaid, plaintiff, **Glenton Hines** was deprived of the aforesaid society, services and consortium of the plaintiff, **Paulette Hines**, and shall forever be deprived of said society, services and consortium.

74)  That by reason of the foregoing negligence afore-described on the part of the defendants, plaintiff, **Glenton Hines** has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff, **Paulette Hines**, demands judgment against the defendants herein in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and plaintiff, **Glenton Hines**, demands judgment against the defendants herein in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the interest, costs and disbursements of this action.

Dated: Great Neck, New York
        October 6, 2009

Yours, etc.

Fred R. Rosenthal
Parker Waichman Alonso LLP
Attorneys for Plaintiff(s)
111 Great Neck Road
Great Neck, NY 11021
(516) 466-6500
Our File # 625420

8

**PARKER WAICHMAN ALONSO LLP**

**ATTORNEYS VERIFICATION**

STATE OF NEW YORK    )
                                          : ss :
COUNTY OF NASSAU    )


       Fred R. Rosenthal, an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York, affirms the following to be true under penalties of perjury:

       I am a member/associate of the firm **PARKER WAICHMAN ALONSO LLP** attorneys for the plaintiff(s) herein.

       I have read the foregoing Verified SUMMONS AND COMPLAINT and know the contents thereof.   Upon information and belief, I believe the matters alleged therein to be true.

       The source of your deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

       The reason this verification is made by deponent and not by plaintiff(s) is that plaintiff(s) reside in a county other than the one in which your deponent's office is maintained.

Dated:    Great Neck, New York
           October 6, 2009

                                  Fred R. Rosenthal